MURRAY, J.,
concurs with reasons.
| ^though I agree with the result the majority reaches, I write separately to address the issue of the State’s exception of res judicata. The State’s exception is based on the doctrine of virtual represen *315 tation, a federal court concept the Louisiana Supreme Court applied in Forum for Equality PAC v. McKeithen, 04-2551 (La.1/19/05), 893 So.2d 738. Distinguishing this case on the facts from McKeithen, supra, the majority finds the virtual representation doctrine does not apply.
Subsequent to the decision in the McKeithen case, the United States Supreme Court in Taylor v. Sturgell, 553 U.S. 880, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008), disapproved the doctrine of preclusion by virtual representation. The Supreme Court held that “[t]he preclusive effects of a judgment in a federal-question case decided by a federal court should instead be determined according to the established grounds for nonparty preclusion.” Sturgell, 553 U.S. at -, 128 S.Ct. at 2178. It is therefore unnecessary to reach the issue of whether the disapproved doctrine of preclusion by virtual representation applies. Since the State (a nonparty to the prior litigation) has cited no other basis for finding res judicata applies, the trial court correctly denied its exception.
For these reasons, I concur.